IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA PALACIOS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HENRY D. NUNEZ, ) <br> WILLIAM F. HANCOCK, JR, and ) <br> Does 1 through 100,, ) <br> ) <br> Defendants. ) <br> _____ ) | 1:08-CV-01996 AWI SMS <br><br> ORDER CLOSING THE CASE <br> DUE TO PLAINTIFF'S <br> VOLUNTARY DISMISSAL <br><br> ORDER DENYING PENDING <br> MOTIONS AS MOOT |

On January 5, 2010, Plaintiff filed a request for dismissal of this case because Plaintiff is unable to proceed.   Although not stated in the notice, the Court construes it as one made pursuant to Federal Rule of Civil Procedure 41(a)(1)(i).

In Wilson v. City of San Jose, the Ninth Circuit explained:

Under Rule 41(a)(1), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment. Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing Hamilton v. Shearson-Lehman American Express, 813 F.2d 1532, 1534 (9th Cir. 1987)). A plaintiff may dismiss his action so long as the plaintiff files a notice of dismissal prior to the defendant's service of an answer or motion for summary judgment. The dismissal is effective on filing and no court order is required. Id. The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice. Id.; Pedrina v. Chun, 987 F.2d 608, 609-10 (9th Cir. 1993). The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice. Concha, 62 F.2d at 1506. Unless otherwise stated, the dismissal is ordinarily without prejudice to the plaintiff's right to commence another action for the same cause against the same defendants. Id. (citing McKenzie v. Davenport-Harris Funeral Home, 834 F.2d 930, 934-35 (9th Cir. 1987)). Such a dismissal

leaves the parties as though no action had been brought.  Id.

Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997).

No answers to Plaintiff's complaint and no motions for summary judgment have been filed in this case, and it appears that no such answers or summary judgment motions have been served.  The pending motions to dismiss do not account as appearances requiring Defendants' agreement to stipulation.  See Crum v. Circus Circus Enters., 231 F.3d 1129, 1130 n.3 (9th Cir. 2000); Doe v. United States, 58 F.3d 494, 497 (9th Cir.1995).  Because Plaintiff has exercised her right to voluntarily dismiss the complaint under Rule 41(a)(1), this case has terminated.  See Wilson, 111 F.3d at 692.

Therefore, IT IS HEREBY ORDERED that the Clerk is ordered to close this case in light of Plaintiff's Rule 41(a)(1)(i) requested dismissal.  All pending motions are DENIED as moot.

IT IS SO ORDERED.

**Dated:    January 8, 2010**                              /s/ Anthony W. Ishii
                                            CHIEF UNITED STATES DISTRICT JUDGE